REQUESTED BY: Dear Senator:
You have sent us a copy of L.B. 140, and have asked us about the constitutional validity of two provisions of the statute which would be amended by this bill. Ordinarily, in accordance with the policy outlined in the letter from Mr. Clarence A. H. Meyer, then Attorney General, to the Clerk of the Legislature, dated December 28, 1972, and found on page 36 of Volume 1 of the 1973 Legislative Journal, we do not give opinions to individual senators as to the constitutionality of bills which have already become law.
On the surface, it would appear that we would be precluded from giving you an opinion on the matters you ask about because of this policy. However, we have discussed this matter with you verbally, and we understand that one of the purposes of the bill is to repeal a possibly unconstitutional provision, and that you therefore need this opinion to determine the necessity of the passage of the bill.
Section 77-303.01, R.R.S. 1943, as it now reads, provides for hearings before the Tax Commissioner to determine whether county officials have violated rules, regulations, or directives of the Tax Commissioner, or any of the revenue laws of the State of Nebraska. The statute then provides that in the event it is found that a violation has occurred, the State Treasurer shall withhold distribution of all money to which the county may be entitled under the provisions of Chapter 66, article 4. After corrective action has been taken, the State Treasurer is directed to distribute 80 percent of the monies so withheld to the county in the event the violation has not been corrected before the hearing, and 90 percent in the event that corrective measures have been completed by the date of the hearing. The balance of 10 or 20 percent of the withheld distributions are to be forfeited by the county, and transferred to the state general fund.
After examining Chapter 6, article 4 of the statutes, we have concluded that it is not necessary for us to render an opinion as to the constitutionality of this provision, because it appears to be inoperative.
We have gone through all of Chapter 66, article 4 of the statutes, as amended, and find no provision therein for the transfer of any funds by the State Treasurer to the counties. At one time, section 66-421 provided for a fund to be known as the Gasoline Tax Fund. Sections 66-422 and66-423 provided that a portion of the Gasoline Tax Fund should be transferred monthly to the various county treasurers on a basis set out in section 66-422, and allocated by the county treasurers on a basis set forth in section66-423. However, section 66-421 was amended in 1969 to provide for a fund to be known as the Highway Trust Fund. At the same time, sections 66-422 and 66-423 were repealed. Distribution of the Highway Allocation Fund is made pursuant to section 39-2402, R.R.S. 1943. It therefore appears that no funds are distributed to the counties under the provisions of Chapter 66, article 4, and that a discussion of the constitutionality of section 77-303.01 involving this matter would be purely academic.
You also ask about the constitutionality of having an appointed official such as the Tax Commissioner removing or suspending an elected official. We gather that you are referring to the portion of section 77-303.01 which provides:
 ". . . Failure or refusal by any county officer to take the necessary corrective action according to law shall in and of itself be deemed grounds for suspension and removal of such officer in accordance with the procedure outlined in sections 25-21,147
and 25-21,148. . . ."
We will discuss this question with the same understanding that we had with respect to your first question, that the purpose of your asking is to determine the necessity of repealing a possibly unconstitutional provision.
We believe your question involves a misunderstanding of the procedure authorized by section 77-303.01. This section does not authorize the removal or suspension of an elected official by the Tax Commissioner. Sections 25-21,147 and25-21,148 provide that public officers who willfully fail, neglect or refuse to enforce any law which it is made their duty to enforce shall forfeit their offices and may be removed therefrom. The procedure for removal is set forth in section 25-21,148. It provides that the Attorney General or a special attorney designated by the Governor shall institute and prosecute a quo warranto proceeding in the Supreme Court against such officer. During the pendency of such proceedings the officer may be suspended by the Governor. If the court finds that the officer has willfully failed or refused to enforce the law, the court shall oust him from office. As you can see, section 77-303.01, read in pari materia with sections 25-21,147 and 25-21,148, do not provide for removal by the Tax Commissioner. You have suggested no constitutional problems with the quo warranto proceedings which are authorized.